UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

D-5 XHAFER LAHO,

    Defendant.
_____/

Case No. 12-20606

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING [207]**

In May 2014, Petitioner-Defendant Xhafer Laho was convicted of three counts of making a false statement to a federal officer in violation of 18 U.S.C. § 1001. Laho was sentenced to 48 months of incarceration. Shortly after withdrawing his direct appeal, Laho filed the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In essence, Laho argues this his trial attorney "provided ineffective assistance . . . when he advised Petitioner that his guideline range would be 0-6 months even if Petitioner were convicted of all counts at trial and this erroneous information led Petitioner to reject the Government's plea offer." (Petitioner's Mot. 7).

"In reviewing a § 2255 motion in which a factual dispute arises, 'the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims.'" *Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (quoting *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999)). Although no hearing is required where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," 28

U.S.C. § 2255(b), and a "full blown evidentiary hearing" is not required in every case, *Smith v. United States*, 348 F.3d 545, 550 (6th Cir. 2003) (quoting *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)), "[w]here there is a factual dispute, the habeas court must hold an evidentiary hearing to determine the truth of the petitioner's claims," *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999).

Here, there is no dispute that Laho signed the acknowledgment of indictment, indicating that "I know if I am convicted or plead guilty, I may be sentenced . . . 5 years' imprisonment and a $250,000 fine." (Dkt. 71 and 124, Acknowledgment). In this way, the record directly contradicts Laho's purported belief that his sentencing exposure was no greater than six months. Nevertheless, there is some question concerning the advice of his previous counsel, Richard M. Shulman, on this score. While it's difficult to imagine a scenario worthy of disregarding Laho's signed acknowledgment, the Court, out of abundance of caution, will permit him to solicit testimony on this issue. Because Laho has "inject[ed] into the litigation an issue that requires testimony from [his] attorney[] or testimony concerning the reasonableness of [his] conduct[,]" the attorney client privilege is waived as to the allegations of ineffective assistance of counsel raised in the petition. *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) ("To be sure, litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. [T]he attorney-client privilege cannot at once be used as a shield and a sword."). The Government and Petitioner's current counsel may interview Mr. Shulman in advance of the hearing regarding the communications implicated by Laho's claims.

For those reasons, the Court GRANTS Laho's request for an evidentiary hearing, to be convened on November 3, 2016 at 1:30 p.m.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: October 4, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2016, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager